**Jacob Stephen BROWN, Appellant,**

v.

**Leroy K. SEIGEL, Appellee,**

**Legal Assistance at Work, Ltd., Amicus Curiae.**

**No. 93–3552.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1994.

Decided July 29, 1994.

---

Craig S. Davis, Minneapolis, MN, argued, for appellant.

Michael Richardson, Asst. County Atty., Minneapolis, MN, argued, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Jacob Stephen Brown appeals the denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm the judgment of the district court.[1]

## I.

Brown entered guilty pleas in Minnesota state court to one count of first degree murder and one count of attempted first degree murder. The Minnesota Supreme Court summarized the facts of the offenses as follows:

> This proceeding arises out of the events of the morning of December 17, 1987, when defendant went to the residence of his estranged friend, Carmen Larson, to pick up some personal property. While

there defendant attempted to discuss their relationship. According to defendant's testimony at the guilty plea hearing, when he refused Larson's request that he leave, Larson went to her bedroom and grabbed a baseball bat. Defendant admitted that he took the bat from Larson and began hitting her on the head with it. He also admitted that he went into a bedroom and beat Larson's friend, Michelle Raisch, with the bat. Finally, he admitted that he twice grabbed a knife from the kitchen and stabbed Larson a total of ten times and Raisch at least 21 times. Larson died later that day. Raisch survived and identified defendant as the assailant.

*Brown v. State,* 449 N.W.2d 180, 181 (Minn. 1989). Brown was sentenced to life in prison to be followed by a consecutive 130 month term.

After exhausting his state remedies, Brown filed a habeas petition in federal district court. He raised six grounds for relief: (1) his guilty pleas were not knowing, voluntary, and intelligent; (2) he was denied effective assistance of counsel; (3) there were various errors before the grand jury in pretrial proceedings; (4) the surviving victim, Ms. Raisch, could not have identified him due to her injuries; (5) he had an alibi defense; and (6) he was denied his Sixth Amendment right to confront witnesses at his second postconviction hearing in state court.

The matter was referred to a United States Magistrate Judge[2] who addressed each issue in a report and recommendation filed with the district court. Brown advanced a series of objections to the report and the district court conducted a de novo review. The court adopted the magistrate judge's recommendations and dismissed the petition.

We have, likewise, reviewed the record and find, with one exception, that the thorough and well reasoned opinion of the district court, by and through its adoption of the Magistrate Judge's report and recommendations, is sufficient and should be adopted. An extended discussion of the issues ad-

---

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

2. The Honorable Floyd E. Bolin, United States Magistrate Judge for the District of Minnesota.

dressed by the district court would have no precedential value. *See* 8th Cir.R. 47B.

The single exception involves part of Brown's ineffective assistance of counsel claim. As the district court noted, Brown appears to have established the existence of a "side [plea] agreement," not made a part of the official record, concerning his sentencing. The portion of the agreement upon which there is no dispute was carried out. In this regard, Brown claims that after a period of adjustment to prison, he was to receive, if his behavior was satisfactory, concurrent rather than consecutive sentences for the separate offenses. Within the agreed time after the initial sentence was imposed, the sentencing judge made the sentences concurrent as purportedly promised.

However, Brown raised for the first time in federal district court an additional allegation that the side agreement also included a promise by the sentencing judge to reduce the murder and attempted murder convictions from first degree to second degree.[3] The state vigorously denies that this was ever part of any agreement. Neither the magistrate judge nor the district court discussed this allegation.

We question whether a trial judge in Minnesota has the authority to carry out such an agreement. If the allegation had been raised in the state court, this issue, along with the credibility of Brown's contention, could have been addressed. Since it was not raised, we believe that Brown has waived the claim.

Under Minnesota law, Brown was entitled to *one* right of review of this claim by an appellate or post conviction court. (Emphasis added). *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737, 741 (1976). However, "all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Id.* Accordingly, his failure to raise the claim bars consideration of this claim in subsequent state proceedings. Thus, federal habeas relief based upon this new twist in Brown's ineffective assistance claim is also barred by the holding in *Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (when petitioner fails to give the state court the opportunity to address the issue, a federal habeas court should not consider the claim).[4]

## II.

Based upon the district court's well reasoned opinion and our conclusions on review of the record, we find that the petition was properly dismissed. Thus, we affirm the judgment of the district court.

---

3. This claim is not contained in the federal petition, but, rather, is included in footnote one of Brown's memorandum in opposition to the state's motion to dismiss Brown's action. Brown says that "[c]ounsel was advised that [defense counsel] should petition for post conviction relief at which time the court would reduce the charge from first to second degree murder and first degree attempted murder to first degree assault." Designated Record at 29.

4. Even if our analysis of Minnesota law is incorrect, and Brown is not barred from asserting the claim in state court, the petition must be dismissed under the exhaustion doctrine announced in *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).